The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown no good grounds to reconsider the evidence. Upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
* * * * * * * * * *
The record of the hearing before Deputy Commissioner Shuping is incorporated by reference and made a part of the record herein.
The parties stipulated to a letter from the North Carolina Department of Revenue dated 27 February 1992.
* * * * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows with the addition of Finding of Fact #10.
Based upon the competent evidence adduced from the record, the undersigned make the following additional
FINDINGS OF FACT
1. On 16 September 1985 neither Tate's Auto Sales, Inc. nor Tate Soles, Jr. kept in effect a policy of insurance against compensation liability as required by G.S. 97-93.
2. In 1985 Tate's Auto Sales, Inc. did not list any property in the tax office, even though it owned six trucks on 16 September 1985. Even though Tate Soles, Jr. transferred at least one truck from Tate's Auto Sales, Inc. to Ferris Wheel, Inc. (incorporated on 20 September 1985, just four days after the accident), there was no listing in the tax office for Ferris Wheel, Inc. for 1985 or 1986.
3. Articles of Incorporation for Tate's Auto Sales, Inc. were signed on 13 November 1975. This document was never filed with the Columbus County Register of Deeds. The objects of the corporation were "to own, buy, sell, lease, exchange and deal in used automobiles and trucks." James A. Shelly and Tate C. Soles, Jr. were named as directors in 1975. Tate Soles, Jr. denominated himself president of Tate's Auto Sales, Inc., while James Shelly was secretary/treasurer, although he never signed any documents or checks on behalf of the corporation. James Shelly died prior to 1985 and by 1985 Tate Soles, Jr. was the sole director and officer.
4. In 1985 Tate Soles, Jr. was the sole stockholder and sole remaining director. A purported joint special meeting of stockholders and directors was held in January and December 1985. The only action taken was to ratify any action taken by the directors and officers of the corporation since 1985.
5. Tate's Auto Sales, Inc. was suspended in February 1986. By this point Tate Soles, Jr. was carrying on the exact same business as Ferris Wheel, Inc.
6. Tate Soles, Jr. exercised complete domination and control over Tate's Auto Sales, Inc. No other officer performed any sort of function with reference to the corporation or the operation of the business.
7. Tate's Transport, Tate's Auto Sales, Inc., and Ferris Wheel, Inc. were all incorporated by Tate Soles, Jr. to carry on the same business, i.e., to deal in used automobiles and trucks. All three corporations were suspended. When Tate's Transport became insolvent, Tate Soles, Jr. began doing business as Tate's Auto Sales, Inc. Immediately following plaintiff's accident on 16 September 1985, Tate Soles, Jr. stopped doing business as Tate's Auto Sales, Inc. and filed Articles of Incorporation and began doing business as Ferris Wheel, Inc. Tate Soles, Jr. never filed dissolution papers for Tate's Auto Sales, Inc. In addition to any workers' compensation liability he might be facing after the accident, Tate Soles, Jr. owed $8,000.00 on the truck and owed Alamo $21,000.00. To avoid this liability, he transferred what property remained in Tate's Auto Sales, Inc. to Ferris Wheel, Inc. By forming a new corporation he was able to get banks to extend him credit which they would not have done otherwise. Tate Soles, Jr. thereafter continued the exact same business under the name of Ferris Wheel, Inc.
8. Tate's Auto Sales, Inc. was the alter ego for Tate Soles, Jr. and the operation of his trucking business. By operating in this fashion, Tate Soles, Jr. avoided his liability to plaintiff under the Workers' Compensation Act.
9. Tate Soles, Jr. defended this claim without reasonable ground and no basis to argue that the corporate veil should not be pierced in this case.
10. According to documentation provided by plaintiff's counsel, it appears that counsel expended approximately 15 hours in preparation for and in carrying out the hearing before the Deputy Commissioner. The undersigned further estimate approximately 5 hours of preparation for this current appeal to the Full Commission, based upon the contents of the response brief filed.
* * * * * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. Tate's Auto Sales, Inc. was a mere instrumentality or alter ego of Tate Soles, Jr. and a shield for his activities in violation of public policy. As evidence thereof, there was non-compliance with corporate formalities, complete domination and control of the corporation by Tate Soles, Jr., non-functioning of other officers, and Tate Sole's admission that he quit doing business under Tate's Auto Sales, Inc. and began doing business as Ferris Wheel, Inc. to avoid the liability which resulted from the accident of 16 September 1985. Therefore, in this case the corporate entity will be disregarded and the corporation and Tate Soles, Jr. treated as one and the same person for purposes of liability under the Workers' Compensation Act as previously determined by Deputy Commissioner Shuping.
2. Tate Soles, Jr. defended this action and pursued this defense without reasonable ground or any basis to claim that Tate's Auto Sales, Inc. was not a mere instrumentality and that the corporate veil should not be pierced. Therefore, pursuant to G.S. 97-88.1, Tate Soles, Jr. shall pay plaintiff's attorney a reasonable attorney's fee of $1,500.00, as justified to the undersigned upon submission by plaintiff's attorney of a statement of the time he spent prosecuting this claim at the original hearing on this matter.
In addition, pursuant to N.C.G.S. 97-88, Tate Soles, Jr. shall pay to plaintiff's counsel a reasonable attorney's fee of $2,000.00 for his time expended in connection with his current appeal to the Full Commission, the original appeal to the Full Commission, and the appeal to the North Carolina Court of Appeals, as justified by the time sheets presented.
* * * * * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Tate Soles, Jr. shall pay plaintiff all compensation previously awarded by Deputy Commissioner Shuping in the Opinion and Award filed 14 December 1987.
2. Tate Soles, Jr. shall pay plaintiff's attorney a reasonable fee of $3,500.00 in total, as is justified to the undersigned upon submission by plaintiff's attorney of a statement of time and upon estimation of a reasonable time spent for the current Full Commission appeal.
3. Tate Soles, Jr. shall pay the costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1994.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ________________________ J. RANDOLPH WARD COMMISSIONER
S/ ________________________ JAMES J. BOOKER COMMISSIONER
JHB/nwm 03/08/94